UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 06-377 DSF |
| Plaintiff, ) | CV 07-7411 DSF |
| v. ) | ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE |
| ALFONSO MORFIN, ) | |
| Defendant. ) | |

## **I.  INTRODUCTION**

On November 14, 2006, Alfonso Morfin pled guilty to conspiracy to possess with intent to distribute 500 or more grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846.[1]  Morfin's Motion to Vacate, Set Aside, or Correct Sentence seeks relief based on alleged "ineffective assistance of counsel" on two separate grounds: (1) his counsel failed to seek a downward departure based on the fact that his status as an illegal alien would

---

[1]  Over the government's objection, the sentencing court found that the amount involved was less than 500 grams, which reduced the Guidelines range from 108 to 135 months to 87 to 108 months.  Morfin was also "safety valve" eligible.

result in "objectively more severe conditions" of confinement, and (2) his counsel failed to comply with his request to file a notice of appeal.

The written plea agreement contained a limited waiver of appeal and collateral attack. Post-conviction claims of ineffective assistance of counsel were excluded from the waiver. Morfin, therefore, may proceed on both grounds. For the reasons discussed below, the Court DENIES the Motion.

## II. LEGAL STANDARD

In order to establish ineffective assistance of counsel, a defendant must satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668 (1984). Defendant must show that his attorney's performance was so deficient that it fell below an objective standard of reasonableness, and that he suffered actual prejudice as a result.

Counsel's refusal to comply with a defendant's specific instructions to file an appeal constitutes ineffective assistance, even if the appeal would be contrary to the plea agreement and would lack merit. United States v. Sandoval-Lopez, 409 F.3d 1193 (2005). The prejudice lies in the lost opportunity to appeal. Id.

## III. DISCUSSION

**A. Failure to Argue for Downward Departure**

It is not clear whether Morfin contends that his deportable alien status should have been raised as grounds for a within guidelines downward departure, or as a grounds for a variance from the guidelines range.

It would not have been "ineffective" to fail to request a downward departure, because Ninth Circuit law does not support such a departure. See, e.g. United States

v. Charry Cubillos, 91 F.3d 1342, 1345 (9th Cir. 1996).  Nor has Morfin established that counsel was ineffective for failing to argue for a variance.  He has not submitted evidence that he was otherwise eligible for the "500 hour Drug & Alcohol Program," or that his conditions of confinement are otherwise significantly different from citizens or legal residents.  Instead, he speculates that at some time in the future a "sub silentio policy" may cause him to be treated more harshly than other inmates.

Morfin has failed to meet the Strickland test.

**B.  Failure to Appeal**

Morfin contends that he asked his lawyer to file an appeal.  On June 2, 2008, this Court held an evidentiary hearing to determine whether Morfin did indeed timely make such a request.  Both Morfin and his former counsel Michael Becker testified under oath.  The Court finds that Morfin's contention that he made a timely request that Becker file an appeal is not credible.

In his moving papers, Morfin states:
> The defense counsel, Michael Becker failed to file a notice of appeal previous explicit request by the defendant at sentencing hearing. However, he ignored defendant's solicitude without no explanation and he just limited himself to say that:  "I am going to see you in jail later" After three days the defendant called his wife and asked her to made a phone call to the lawyer to find out what's going on with him.  She did it so the fefendnat instructed her and then she told him the the defendant's counsel said that he had nothing to worry about it because supposedly in his own opinion it was not a good idea to file a notice of appeal no explaining any reasons why he was making a decision instead the

>  defendant, with no consent.  Even the defense's Counsel, once again gave his word that he would come to see the defendant Alfonso Morfin in jail.  More than six months has passed since he promised that, but until now he has not visited the defendant.

(Memo. at 2.  (Grammatical and typographical errors in original.))

In his Reply, he reiterates that he instructed his lawyer at sentencing to file a notice of appeal.  He continues: "[L]ater, during the ten-days period the defendant insisted along with relatives, by making numerous phone calls on the same." (Reply at 4.)

At the evidentiary hearing however, Morfin admitted that he made no such request of Becker at the sentencing hearing.  Indeed, he admits that he never personally discussed the matter with Becker.  Instead he now claims that he called his wife the day after his sentencing (not three days later) and told her to tell Becker that he wanted to appeal.  At first he testified that he did not know why he decided that he wanted to appeal only one day after he had been sentenced.  When the Court probed further, he testified that he decided to appeal because his sentence was "too much time compared to other cases."  When first asked by the Court why he had this belief, he indicated that he learned about others who had received lighter sentences, but that this had occurred <u>after</u> the request to file an appeal was made.  When the Court pointed out that lighter sentences that he learned about after the request couldn't have caused the request, he testified that other inmates at the Metropolitan Detention Center had told him "right after [his] sentencing" that he got too much time.

Morfin has no evidence that his wife ever called Becker to ask that he file an appeal.  His wife does not speak English.  She allegedly spoke to someone in Becker's office.  Morfin contends he called his wife again to say that Becker had not yet visited him.  She called Becker's office and spoke to someone (first described by Morfin as "a man or a woman" and then described as a "female secretary").  This

-4-

person allegedly said Becker would visit Morfin - but he never did.  Morfin's wife did not testify.

Becker testified that he had no recollection of a telephone conversation with Morfin's wife in which she asked about an appeal.  He noted that he would have taken any request to file an appeal seriously because he "obviously" would have had a duty to take some action in response to such a request.  He does recall that she called him after Morfin had been transferred from MDC (which was after the time for filing a notice of appeal had expired) and asked for a transcript of the sentencing.  Because he did not possess a transcript, he gave her some information on how to obtain one.  That was the extent of the conversation.  (He testified that he would have been assisted by someone who spoke Spanish.)

Becker also testified that he had checked with his office staff to determine whether anyone had received such a request and had them look for any correspondence that might have contained such a request.  He further testified that he believes that if he had received such a request he would have gone to speak to Morfin.  He was surprised when he learned that Morfin was unhappy, because Morfin was one of Becker's least difficult clients in terms of demands or requests or protestations.

By the time of Morfin's sentencing, the only Spanish speaker in Becker's office was a man, though Becker had a female Spanish speaker working in his office prior to the time Morfin entered his plea.

The Court concludes that Morfin did not make a timely request that Becker file an appeal.  Morfin's testimony lacks credibility in that it is vague and inconsistent - internally and with the representations in his papers.  His evidence of his wife's call is inadmissible hearsay, and is unreliable.  The Court credits Becker's testimony that, if Morfin had asked him to file an appeal - he would have met with Morfin to discuss the issue.  Becker did not provide ineffective assistance in light of the fact that the

plea agreement waived Morfin's right to appeal, the sentence imposed was constitutional and far lower than that requested by the government, and Morfin did not ask Becker to appeal.

Therefore, Morfin cannot prevail on this claim

## IV.  CONCLUSION

For the reason stated above, the Motion is denied.

IT IS SO ORDERED.

DATED:  June 5, 2008

*[signature: Dale S. Fischer]*

_____
Dale S. Fischer
UNITED STATES DISTRICT JUDGE